Donald L. WAMP, Petitioner/Appellee,

v.

TENNESSEE STATE BOARD OF ARCHITECTURAL AND ENGINEERING EXAMINERS, Respondent/Appellant.

Supreme Court of Tennessee.

Nov. 1, 1993.

Rehearing Denied Dec. 28, 1993.

W. Neil Thomas, III and Everett L. Hixson, Jr., Shumacker & Thompson, Chattanooga, for petitioner-appellee.

Charles W. Burson, Atty. Gen. and Reporter, Cecil H. Ross, Asst. Atty. Gen., Nashville, for respondent-appellant.

## OPINION

REID, Chief Justice.

This case presents for review the decision of the Court of Appeals reversing the trial court's judgment that action taken by the Board of Architectural and Engineering Examiners was supported by substantial and material evidence. The Board found that Donald L. Wamp, petitioner-appellee, by affixing his seal as architect to plans which had not been prepared by him or under his responsibility, had violated T.C.A. § 62-2-306(b) (1990). The Board suspended Wamp's license for six months, placed him on probation for an additional period of three years and imposed a fine of $1,000. The record supports the trial court's decision affirming the Board's action, rather than the decision of the Court of Appeals.

The facts are undisputed. Wamp is an architect licensed by the Board to practice in the state of Tennessee. In late 1983, Chip Harbour, a developer and general contractor, discussed with Wamp the development of a condominium project on a particular site located in the Chattanooga area. Wamp suggested a building design that would permit the construction of the maximum number of units allowed by the zoning regulations. Harbour purchased the property and asked Wamp to design the project. When Wamp told Harbour that it would be approximately two months before he could begin the work, Harbour engaged an unlicensed draftsman, Donald Runyon, to prepare plans for the project. Wamp and Runyon were not connected professionally in any way. Runyon subsequently prepared and delivered to Harbour an eight-page set of drawings. Harbour presented the plans prepared by Runyon to the City of Chattanooga in support of an application for a building permit. The city refused to issue a permit because the plans did not bear the seal of a licensed architect.

In early 1984, Harbour asked Wamp to stamp with his architectural seal the plans which had been prepared by Runyon, but initially, Wamp refused. However, Harbour persisted, and Wamp consented to look at the plans. After reviewing the plans, making extensive revisions and making additional revisions after discussing the project with the city building inspector, Wamp stamped the plans with his architectural seal. Harbour then filed the plans with the city building inspector and obtained a building permit. After the permit was issued, Wamp revised the plans further, visited the site several times and again revised the plans after construction had begun.

Upon notice to the Board by a member of the American Institute of Architects, the Board made an investigation, incident to which Wamp gave a signed affidavit admitting that he had stamped the plans which had been "prepared by an unknown source." At the hearing on the charges, based principally upon Wamp's affidavit and testimony, and the testimony of Runyon, the Board determined that in placing his seal on the plans, Wamp had violated T.C.A. § 62-2-306(b).

Under the Uniform Administrative Procedures Act, judicial review of the Board's action is limited to a determination of whether the Board's findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) Unsupported by evidence which is both substantial and material in the light of the entire record.

T.C.A. § 4-5-322(h) (1991). The issue in this case is whether the Board's findings of fact and conclusions of law were supported by both substantial and material evidence. (Wamp also raised other issues which were

preetermitted by the Court of Appeals.) Resolution of the issue depends upon the construction of the pertinent provisions of Title 62, Chapter 2 of the Tennessee Code Annotated.

▮ The practice of architecture is regulated "[i]n order to safeguard life, health and property, and to promote public welfare." T.C.A. § 62–2–101 (Supp.1993). For the purposes of this case, the statute makes unlawful the preparation of "plans and specifications for any building" by "any person other than a registered architect." T.C.A. § 62–2–102(b) (Supp.1993). As a means of insuring compliance with these provisions, the statute requires that "[e]ach registered architect ... shall obtain and keep a seal ... [and] shall stamp with this seal the first sheet of any bound set and loose sheets of every set of working drawings, plans, specifications and/or reports prepared by him or under his responsible charge." T.C.A. § 62–2–306(b). The statute then defines the work product to which an architect may affix his or her seal. "No architect ... shall affix his seal or stamp to any document which has not been prepared by him or under his responsibility." T.C.A. § 62–2–306(b). The construction of T.C.A. § 62–2–306(b) as applied to the issue presented in this case has not been considered in any reported decision of an appellate court in this state.

The record shows that Wamp reviewed the plans prepared by Runyon for building code compliance and also for suitability of the site on which the building was to be constructed. It also shows that the plans were revised by Wamp in order to meet the requirements of the city building code for issuance of a building permit. The plans were further reviewed, before and after construction began, in order to accommodate the characteristics of the building site.

▮ In reversing the finding by the Board that Wamp had violated the provisions of the statute, the Court of Appeals described the Board's construction of T.C.A. § 62–2–306(b) "as requiring an architect either personally to draw every line in every plan or to have them prepared under his responsibility before affixing his seal to the plans," and rejected that construction as "arbitrary and unreasonable." The Court of Appeals construed the statute to require only that architects, before affixing their seal to plans which they have not prepared, have "completely reviewed and made substantial changes to" the plans.

The statute does not require an architect "to draw every line in every plan," but it does require that the plans be "prepared by him or under his responsibility." The statute recognizes the distinction between responsibility voluntarily assumed and responsibility imposed by law. The responsibility mentioned in the statute is that imposed by law incident to the preparation of plans by the architect personally or an associate or employee working under his direction. The statute authorizes an architect to validate by use of an architect's seal only those plans for which he is responsible in fact and in law. Allowing an architect to place the architect's seal on work prepared by others upon such review and revisions as the architect should consider appropriate would weaken substantially the standard imposed by the statute. See e.g., Catlin v. Board of Registration, 414 Mass. 1, 604 N.E.2d 1301, 1304, 1305 (1992) ("The seal is meant to show authorship of or responsibility for the plans." "Supervision is not enough. The board reads its statutory mandate to require a greater degree of involvement by a registered Massachusetts architect to ensure the safety of the people of the Commonwealth."). The meaning of the statute is clear, and, when applied as it was by the Board in this case, it is not arbitrary or unreasonable.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for consideration of any issues pretermitted by that court. Costs are taxed to the appellee, Wamp.

DROWOTA, DAUGHTREY, and ANDERSON, JJ., and LEWIS, Special Judge, concur.